UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRIAN A. PERRI,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Respondent. | Civil Action No. 20-5314 (RBK)<br><br>**OPINION** |

　　　　Before the Court is an Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, filed by next friend, Nicola Perri ("Movant"). In an earlier Order, this Court had terminated this matter for Movant's failure to pay the filing fee and failure to submit a petition on the proper form. Movant has since remedied those deficiencies. For the following reasons, the Court will dismiss the Petition without prejudice for lack of standing.

　　　　By way of background, Movant seeks to file this Petition as a next friend on behalf of Petitioner, who is incarcerated at FCI Fort Dix. Movant seeks an order to release Petitioner into home confinement due to the Covid-19 pandemic under the Coronavirus Aid, Relief, and Economic Security Act, § 12003(b), Pub. L. No. 116-136, 134 Stat. 281 (2020). Movant also seeks compassionate release for Petitioner under the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

　　　　Under the "next friend" doctrine, a party may have standing "to file and pursue a claim in court on behalf of someone who is unable to do so on his/her own." *See, e.g.*, *Burton v. United States*, No. 20-5322, 2020 WL 2899496, at *1 (D.N.J. June 3, 2020). There are two requirements for next friend standing, the next friend: (1) "must provide an adequate explanation — such as inaccessibility, mental incompetence, or other disability — why the real party in interest cannot appear on his own behalf to prosecute the action"; and (2) must have "some significant relationship

with the real party in interest" and be "truly dedicated to the best interests" of that party. *Id.* (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 163–64 (1990)).  The proposed next friend bears the burden "to clearly . . . establish the propriety of [her] status and thereby justify the jurisdiction of the court." *Id*.

With those principles in mind, Movant, as Petitioner's wife, appears to satisfy the second prong of next friend standing.  Movant, however, fails to establish why Petitioner "cannot appear on his own behalf to prosecute the action." *Whitmore*, 495 U.S. at 163–64.  In earlier documents, Movant only alleged that Petitioner "has no access to courts." (ECF No. 1, at 1).

Movant provides no evidence or explanation to support the "contention that Petitioner does not have access to the Court and is incompetent to file his own petition." *Burton*, 2020 WL 2899496, at *2.  Indeed, on a daily basis, this Court continues to receive mail and legal documents from *pro se* prisoners at FCI Fort Dix pursuing their cases, including in COVID-19 related petitions seeking similar relief.  Consequently, Movant has failed to establish standing to bring this Petition.

Additionally, as the Third Circuit has held, a "non-attorney cannot represent another party, even if acting as a next friend." *Schlemmer v. Cent. Intelligence Agency*, 804 F. App'x 127, 128 (3d Cir. 2020).  As a result, Movant, as a layperson, cannot pursue this case without an attorney. "In other words, Petitioner can appear on his own behalf. . . [,] with an attorney to represent him," or with a next friend who has retained an attorney. *Burton*, 2020 WL 2899496, at *1.

Accordingly, the Court will dismiss the Petition for Movant's lack of standing. This dismissal is without prejudice to Petitioner's ability to file a *new* § 2241 petition seeking the same relief either on his own behalf or with the assistance of counsel.  Alternatively, if Movant is able

to retain representation and able to establish proper standing under *Whitmore*, she may move to reopen this matter. *Burton*, 2020 WL 2899496, at *2.

For the foregoing reasons, the Court will dismiss the Petition. An appropriate Order follows.


DATED: June 17, 2020                                     s/Robert B. Kugler
                                                        ROBERT B. KUGLER
                                                        United States District Judge